# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM RICHARD PERREGO,<br>              Petitioner | : No. 3:14cv1799<br>:<br>: (Judge Munley) |
| v. | :<br>: (Chief Magistrate Judge Carlson) |
| ROBERT GILMORE and ATTORNEY<br>GENERAL KATHLEEN KANE,<br>              Defendants | :<br>:<br>: |

## **MEMORANDUM**

Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's report and recommendation (hereinafter "R&R"). The R&R suggests dismissing the instant habeas corpus petition. Petitioner William Richard Perrego (hereinafter "petitioner") filed objections to the R&R bringing the case to its present posture.

## **Background**[1]

On March 14, 2007, petitioner beat Lewis Jones to death following a dispute over a bottle of whiskey. Charged with criminal homicide, petitioner proceeded to a bench trial in the Luzerne County Court of Common Pleas. On March 5, 2008, the trial court found petitioner guilty of third degree murder.

At the time of his conviction, petitioner had a prior voluntary

---

[1] Neither party objects to the factual background or procedural history as set forth in the R&R. Thus, as the parties agree on these matters, we provide no citations to the record for our brief background section.

manslaughter conviction. Accordingly, the trial court sentenced petitioner to a term of life imprisonment for this, his second killing.

Upon direct appeal, the Superior Court of Pennsylvania affirmed the petitioner's conviction and sentence on November 19, 2009. Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which the Pennsylvania Supreme Court denied on May 28, 2010. Petitioner next filed a timely petition for certiorari in the United States Supreme Court. The Court denied the petition on October 12, 2010.

Subsequently, petitioner filed a *pro se* motion, pursuant to the Pennsylvania Post Conviction Relief Act (hereinafter "PCRA"), in the Luzerne County Court of Common Pleas. The common pleas court denied the petition on January 18, 2013. Petitioner appealed to the Pennsylvania Superior Court. The Superior Court affirmed the common pleas court's decision on January 20, 2014. Petitioner next filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which the Pennsylvania Supreme Court denied on July 23, 2014.

Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "section 2254") with this court on September 16, 2014. The Clerk of Court assigned the case to Chief

Magistrate Judge Carlson for the issuance of an R&R.  The parties briefed their respective positions and on April 21, 2015, Judge Carlson issued an R&R, which recommends dismissing the instant habeas corpus petition.  Petitioner filed objections to the R&R bringing the case to its present posture.

**Jurisdiction**

Section 2254 confers jurisdiction on United States district courts to issue a "writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

**Legal standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

**Discussion**

Petitioner objects to Chief Magistrate Judge Carlson's recommendation to dismiss his section 2254 petition. A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A petition for a writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a federal court cannot grant habeas relief on a claim that has been adjudicated by a state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(1)-(2). AEDPA also provides that any findings of fact made by the state court are presumed correct and the petitioner bears the

4

burden of rebutting the presumption of correctness by clear and convincing evidence.  Id. § 2254(e)(1).

As a general rule, a federal court cannot grant habeas relief unless the petitioner demonstrates that he has exhausted all available state remedies regarding each federal claim raised in the petition.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Slutzker v. Johnson, 393 F. 3d 373, 379 (3d Cir. 2004); 28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  To exhaust his claims, a petitioner must present every claim in his habeas petition to every available level of state court review.  Lambert v. Blackwell, 387 F.3d 210, 232 (3d Cir. 2004).  "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights."  Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992).  The petitioner bears the burden of establishing exhaustion of his state court remedies.  Id.

In the instant matter, petitioner's section 2254 petition raises twelve (12)

issues.² Chief Magistrate Judge Carlson recognizes, and the petitioner concedes, issues 6-12 have not been exhausted in state court. (Doc. 2, Pet.'s Br. at 7-22). Accordingly, Magistrate Judge Carlson recommends dismissing the instant section 2254 petition without prejudice to the petitioner either exhausting issues 6-12 in state court or filing a new section 2254 petition only with issues that have been fully exhausted.

In lieu of dismissing his unexhausted section 2254 petition, petitioner contends the court should stay his petition and hold it in abeyance until he exhausts issues 6-12 in state court. When, as in the instant case, a habeas petition is mixed, that is, it contains both exhausted and unexhausted claims, a

---

² Petitioner's specific issues are: Issue 1-3, whether trial counsel provided ineffective assistance during closing argument and the cross-examinations of Peter McGinis and Bruce Geiger; Issue 4, whether PCRA counsel provided ineffective assistance at petitioner's PCRA hearing; Issue 5, whether the PCRA trial court's failure to appoint and pay for a blood spatter expert at petitioner's PCRA hearing establishes an abuse of discretion; Issue 6, whether the Commonwealth withheld exculpatory evidence at trial; Issues 7-8, whether petitioner's direct appeal and PCRA appeals counsel were ineffective in establishing a "layered" ineffective assistance of counsel claim; Issue 9, whether trial counsel provided ineffective assistance by failing to consult with or call a blood spatter expert at trial; Issue 10, whether the trial court lacked subject matter jurisdiction over petitioner regarding the Commonwealth's affirmative duty to prove malice aforethought beyond a reasonable doubt; Issue 11, whether trial counsel provided ineffective assistance by failing to call petitioner's girlfriend; and Issue 12, whether the cumulative effect of trial counsel's errors prejudiced petitioner. (Doc. 2, Pet.'s Br. at 7-22).

federal court may stay the petition and hold it in abeyance until the unexhausted claims have been exhausted. Rhines v. Weber, 544 U.S. 269, 273-79 (2005). The United States Supreme Court, however, has cautioned that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings . . . [and] also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

> Accordingly, the Supreme Court has held that:
>
>> [s]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Id. Therefore, to qualify for a stay and abeyance a petitioner must "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (citing Rhines, 544 U.S. at 277-

7

78). Here, petitioner cannot satisfy the first two requirements: (1) good cause and (2) potentially meritorious claims.

Initially, petitioner has failed to establish "good cause" for entry of a stay. The Supreme Court's "stay and abeyance" procedure adopted in Rhines seeks to avoid unfair prejudice to habeas petitioners in those limited cases where completion of the habeas exhaustion requirement might result in an untimely federal petition under AEDPA's one-year statute of limitations pursuant to 28 U.S.C. § 2244. See Heleva v. Brooks, 581 F.3d at 192 (indicating that the time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the "good cause" determination from Rhines).

AEDPA provides, in relevant part, that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims

        presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  Petitioner, therefore, can fully exhaust issues 6-12 in state court and still have several months to file a fully exhausted section 2254 petition because AEDPA's one-year statute of limitations is tolled while he pursues collateral relief in state court.[3]

    In addition to lacking good cause for a stay, petitioner's unexhausted claims likely lack merit.  Petitioner raises several unexhausted ineffective assistance of counsel claims pertaining to the performance of his PCRA counsel.  These claims are raised for the first time in the instant federal habeas petition.  Freestanding claims of ineffective assistance of PCRA counsel, however, are not cognizable in federal habeas proceedings.  See

---

[3] In the present case, petitioner's state court proceedings concluded on July 23, 2014 (Doc. 1, Section 2254 Pet. at 6), and he filed the instant petition less than two (2) months later on September 16, 2014 (Doc. 1).  Thus, petitioner has three hundred and ten (310) days, a little over ten (10) months, to file a fully exhausted section 2254 petition upon completion of his state court litigation.

9

generally 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (finding no constitutional right to counsel in collateral post-conviction proceedings); Coleman v. Thompson, 501 U.S. 722, 755 (1991) (stating no constitutional right to counsel on appeal from initial collateral post-conviction proceedings). As such, petitioner's ineffective assistance of PCRA counsel claims likely lack merit.

Petitioner also asserts an unexhausted claim pertaining to whether the trial court lacked subject matter jurisdiction over his criminal homicide trial. Petitioner cites no legal authority for this proposition and our research has uncovered none. Indeed, our interest in comity and respect for state courts must ensure that state courts have the first opportunity to review the legitimacy of Pennsylvania's criminal homicide statute. O'Sullivan, 526 U.S. at 844-45 (citations omitted); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citing Caswell, 953 F.3d at 857).

Finally, petitioner avers an unexhausted claim alleging the Commonwealth knowingly relied on perjured testimony to secure his criminal

10

conviction. A "state may not knowingly use false evidence, including false testimony, to obtain a tainted conviction." Napue v. People of State of Ill., 360 U.S. 264, 269 (1959). It is "fundamentally unfair to the accused where 'the prosecution knew, or should have known, of the perjury.'" Lambert v. Blackwell, 387 F.3d 210, 242 (3d Cir. 2004) (quoting United States v. Agur, 427 U.S. 97, 103 (1976)). "[T]he conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." Id. (quoting United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992)).

To establish prosecutor misconduct, petitioner must establish: "(1) [the government's witness] committed perjury; (2) the government knew or should have known of his perjury; (3) the testimony went uncorrected; and (4) there is any reasonable likelihood that the false testimony could have affected the verdict." United States v. John-Baptiste, 747 F.3d 186, 210 (3d Cir. 2014) (citing Lambert, 387 F.3d at 242)).

In the instant matter, petitioner asserts that "the Commonwealth violated its absolute disclosure obligation concerning their deals for leniency . . . with witnesses Mr. McGinis and Mr. Geiger to the defense, in exchange for their cooperation and testifying for the Commonwealth." (Doc. 2, Pet.'s Br. at 15).

11

The trial court's PCRA opinion, however, fully addressed these issues. (Doc. 15-1, Mem. & Order dated 1/18/13 at 93-94). Specifically, testimony at the PCRA hearing established that Mr. McGinis and Mr. Geiger were not offered any favorable deal in exchange for their testimony. (Id.) Accordingly, petitioner likely cannot establish that the government's witnesses committed perjury.

In sum, petitioner has failed to demonstrate "good cause" and potentially meritorious unexhausted claims. The instant habeas petition, therefore, fails to qualify for a "stay and abeyance" and will be dismissed.

**Conclusion**

For the above-stated reasons, we find that the petitioner must exhaust all issues contained within his section 2254 petition or file a petition that raises only fully exhausted issues. Accordingly, we will adopt the R&R and overrule petitioner's objections. The instant petition for a writ of habeas corpus will be dismissed without prejudice. An appropriate order follows.

Date:  06/26/2015                           s/ James M. Munley
                                                                                      **JUDGE JAMES M. MUNLEY**
                                                                                      **United States District Court**