## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM RICHARD PERREGO,** | : | **No. 3:14cv1799** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **ROBERT GILMORE and** | : | |
| **ATTORNEY GENERAL** | : | |
| **KATHLEEN KANE,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for disposition is William Richard Perrego's (hereinafter "petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "section 2254").  (Doc. 23).  After a careful review, the court will dismiss the petition with prejudice.

**Background[1]**

On March 14, 2007, petitioner beat Lewis Jones to death following a dispute over a bottle of whiskey.  Charged with criminal homicide, petitioner proceeded to a bench trial in the Luzerne County Court of Common Pleas.  On March 5, 2008, the trial court found petitioner guilty of

---

[1]  Because the parties are familiar with the background of this case, the court will forego citation to the record.

third degree murder.

At the time of his conviction, petitioner had a prior voluntary manslaughter conviction.  Accordingly, the trial court sentenced petitioner to a term of life imprisonment for this, his second killing.

Upon direct appeal, the Superior Court of Pennsylvania affirmed the petitioner's conviction and sentence on November 19, 2009.  Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which the Pennsylvania Supreme Court denied on May 28, 2010. Petitioner next filed a timely petition for certiorari in the United States Supreme Court.  The Court denied the petition on October 12, 2010.

Subsequently, petitioner filed a *pro se* motion, pursuant to the Pennsylvania Post Conviction Relief Act (hereinafter "PCRA"), in the Luzerne County Court of Common Pleas.  The Common Pleas Court denied the petition on January 18, 2013.  Petitioner appealed to the Pennsylvania Superior Court.  The Superior Court affirmed the Common Pleas Court's decision on January 20, 2014.  Petitioner next filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which the Pennsylvania Supreme Court denied on July 23, 2014.

On September 16, 2014, petitioner filed in this court a petition for a

writ of habeas corpus pursuant to section 2254.  (Doc. 1).  The Clerk of

Court assigned the case to Chief Magistrate Judge Martin C. Carlson for

the issuance of a report and recommendation (hereinafter "R&R").

Subsequent to the completion of briefing, Magistrate Judge Carlson

issued an R&R, which proposed dismissing the section 2254 petition

without prejudice.  (Doc. 19).  The court adopted the R&R on June 26,

2015 and dismissed the petition without prejudice.  (Doc. 23).  In

response, petitioner filed the instant section 2254 petition and a

supporting memorandum of law on February 24, 2016.

**Jurisdiction**

Section 2254 confers jurisdiction on United States district courts to

issue a "writ of habeas corpus in behalf of a person in custody pursuant to

a judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2254(a).

**Discussion**

Federal law provides that a district court is authorized to "entertain

an application for a writ of habeas corpus in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in

3

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  A petition for a writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment."  Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a federal court cannot grant habeas relief on a claim that has been adjudicated by a state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(1)-(2).  AEDPA also provides that any findings of fact made by the state court are presumed correct and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  Id. § 2254(e)(1).

As a general rule, a federal court cannot grant habeas relief unless the petitioner demonstrates that he has exhausted all available state

4

remedies regarding each federal claim raised in the petition.  <u>O'Sullivan v.</u>

<u>Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Slutzker v. Johnson</u>, 393 F. 3d 373,

379 (3d Cir. 2004); 28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be

deemed to have exhausted the remedies available in the courts of the

State, within the meaning of this section, if he has the right under the law

of the State to raise, by any available procedure, the question presented."

28 U.S.C. § 2254(c).  To exhaust his claims, a petitioner must present

every claim in his habeas petition to every available level of state court

review.  <u>Lambert v. Blackwell</u>, 387 F.3d 210, 232 (3d Cir. 2004).  "The

exhaustion requirement ensures that state courts have the first opportunity

to review convictions and preserves the role of state courts in protecting

federally guaranteed rights."  <u>Caswell v. Ryan</u>, 953 F.2d 853, 856 (3d Cir.

1992).  The petitioner bears the burden of establishing exhaustion of his

state court remedies.  <u>Id.</u>

In the instant matter, petitioner's previous section 2254 petition

raised twelve (12) issues.[2]  Chief Magistrate Judge Carlson recognized,

---

[2]  Petitioner's specific issues were: Issue 1-3, whether trial counsel provided ineffective assistance during closing argument and the cross-examinations of Peter McGinis and Bruce Geiger; Issue 4, whether PCRA counsel provided ineffective assistance at petitioner's PCRA hearing; Issue 5, whether the PCRA trial court's failure to appoint and pay for a blood spatter expert at petitioner's PCRA hearing establishes an abuse of

and the petitioner conceded, issues 6-12 had not been exhausted in state court. (Doc. 2, Pet.'s Br. at 7-22). Accordingly, Magistrate Judge Carlson recommended dismissing that section 2254 petition without prejudice to the petitioner either exhausting issues 6-12 in state court or filing a new section 2254 petition only with issues that have been fully exhausted.

The court adopted the Magistrate Judge's R&R on June 26, 2015, and dismissed petitioner's 2254 petition without prejudice. Specifically, the court directed the petitioner to fully exhaust his issues in state court or file a new section 2254 petition containing only fully exhausted issues. (Id.)

Petitioner appealed the court's decision dismissing his 2254 petition to the Third Circuit Court of Appeals on July 21, 2015. (Doc. 24). On February 1, 2016, the Third Circuit Court of Appeals declined to issue

---

discretion; Issue 6, whether the Commonwealth withheld exculpatory evidence at trial; Issues 7-8, whether petitioner's direct appeal and PCRA appeals counsel were ineffective in establishing a "layered" ineffective assistance of counsel claim; Issue 9, whether trial counsel provided ineffective assistance by failing to consult with or call a blood spatter expert at trial; Issue 10, whether the trial court lacked subject matter jurisdiction over petitioner regarding the Commonwealth's affirmative duty to prove malice aforethought beyond a reasonable doubt; Issue 11, whether trial counsel provided ineffective assistance by failing to call petitioner's girlfriend; and Issue 12, whether the cumulative effect of trial counsel's errors prejudiced petitioner. (Doc. 2, Pet.'s Br. at 7-22).

a certificate of appealability and noted that:

> Jurists of reason . . . would not debate that Appellant has not validly stated a claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). First, free-standing claims of ineffectiveness of state post-conviction counsel or errors in state post-conviction proceedings are not cognizable in federal habeas proceedings. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991); <u>Lambert v. Blackwell</u>, 387 F.3d 210, 247 (3d Cir. 2004). Second, with regard to his properly exhausted cognizable arguments, Appellant did not state valid claims of ineffective assistance of counsel. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). . . . Finally, Appellant has not stated a claim sufficient to demonstrate a "fundamental miscarriage of justice." <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 315 (1995).

(Doc. 27, 3d Cir. Order dated 1/28/16).

On February 24, 2016, petitioner filed the instant section 2254 petition and a supporting memorandum of law asserting five issues, which have been fully exhausted in state court: Issues 1-3, whether trial counsel provided ineffective assistance during closing argument and the cross-examinations of Peter McGinis and Bruce Geiger; Issue 4, whether Post Conviction Relief Act (hereinafter "PCRA") counsel provided ineffective assistance at petitioner's PCRA hearing; and Issue 5, whether the PCRA trial court's failure to appoint and pay for a blood spatter expert at petitioner's PCRA hearing establishes an abuse of discretion. (Docs. 28, 30). As noted above, however, the Third Circuit explained that section

2254 relief cannot be premised on ineffectiveness of PCRA counsel and

petitioner's other issues do not state valid claims of ineffectiveness.  (Doc.

27, 3d Cir. Order dated 1/28/16 at 1-2).  Thus, petitioner has failed to

validly state a claim for the denial of a constitutional right.

**Conclusion**

For the above-stated reasons, the court will dismiss the instant

section 2254 petition with prejudice.  An appropriate order follows.

**Date:  03/01/2016**                    **s/ James M. Munley**
                                         **JUDGE JAMES M. MUNLEY**
                                         **United States District Court**