# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM RICHARD PERREGO,** <br> Petitioner <br> <br> v. <br> <br> **ROBERT GILMORE and** <br> **ATTORNEY GENERAL** <br> **JOSH SHAPIRO,** <br> Defendants | : No. 3:14cv1799 <br> : <br> : (Judge Munley) <br> : <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM

Before the court for disposition is Petitioner William Richard Perrego's (hereinafter "petitioner") motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 38). After a careful review, the court will deny petitioner's motion.

## Background[1]

On March 14, 2007, petitioner beat Lewis Jones to death following a dispute over a bottle of whiskey. Charged with criminal homicide, petitioner proceeded to a bench trial in the Luzerne County Court of Common Pleas. On March 5, 2008, the trial court found petitioner guilty of third degree murder.

At the time of his conviction, petitioner had a prior voluntary

---

[1] Because the parties are familiar with the background of this case, the court will forego citation to the record.

manslaughter conviction. Accordingly, the trial court sentenced petitioner to a term of life imprisonment for this, his second killing.

Upon direct appeal, the Superior Court of Pennsylvania affirmed petitioner's conviction and sentence on November 19, 2009. Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which the Pennsylvania Supreme Court denied on May 28, 2010. Petitioner next filed a timely petition for certiorari in the United States Supreme Court. The Court denied the petition on October 12, 2010.

Subsequently, petitioner filed a *pro se* motion, pursuant to the Pennsylvania Post Conviction Relief Act (hereinafter "PCRA"), in the Luzerne County Court of Common Pleas. The Common Pleas Court denied the petition on January 18, 2013. Petitioner appealed to the Pennsylvania Superior Court. The Superior Court affirmed the Common Pleas Court's decision on January 20, 2014. Petitioner next filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which the court denied on July 23, 2014.

On September 16, 2014, petitioner filed in this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "section 2254"). (Doc. 1). The Clerk of Court assigned the case to Magistrate

Judge Martin C. Carlson for the issuance of a report and recommendation (hereinafter "R&R"). Subsequent to the completion of briefing, Magistrate Judge Carlson issued an R&R, which proposed dismissing the section 2254 petition without prejudice. (Doc. 19). The court adopted the R&R on June 26, 2015, and dismissed the petition without prejudice. (Doc. 23). Petitioner appealed this decision to the Third Circuit Court of Appeals, which the Third Circuit denied on February 1, 2016. (Doc. 27).

Petitioner next filed a section 2254 petition and a supporting memorandum of law on February 24, 2016. (Doc. 29, 30). On March 1, 2016, the court dismissed this petition with prejudice and declined to issue a certificate of appealability. (Doc. 33). Petitioner appealed the court's dismissal of his section 2254 petition to the Third Circuit Court of Appeals, which the Third Circuit denied on June 22, 2016.

On February 23, 2017, petitioner filed a motion and supporting brief under Federal Rule of Civil Procedure 60(b)(6) (hereinafter "Rule 60(b)(6)"), contending the court must reopen his case and address the merits of his section 2254 petition.

**Discussion**

In the instant motion, petitioner seeks relief under Rule 60(b)(6),

3

which is "intended to be a means for accomplishing justice in extraordinary situations." Ackermann v. United States, 340 U.S. 193, 199 (1950); Kock v. Gov't of the V. I., 811 F.2d 240, 246 (3d Cir.1987).  It is well-settled that relief under Rule 60(b)(6) is "extraordinary and may be granted only upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988); U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir.1979).

In evaluating a Rule 60(b) motion, the district court must determine whether the Antiterrorism and Effective Death Penalty Act's limits on successive petitions apply. Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). A Rule 60(b) motion shall be treated as a successive habeas petition if it is "in substance a habeas corpus application." Id. at 531.  If the motion is construed as a second or successive habeas petition, the district court does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition. Burton v. Stewart, 549 U.S. 147, 153 (2007). In Gonzalez, the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel,

4

and a motion seeking relief for "any other reason" under Rule 60(b)(6). Id.; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition"); United States v. Edwards, 309 F.3d 110, 113 (3d Cir. 2002) (determining that a motion under Rule 60(b) to reconsider a section 2255 petition should be treated as an unauthorized successive section 2255 petition).

Where the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. Pridgen, 380 F.3d at 727. As the Third Court has held, this principle is consistent with Congress's goal of restricting the availability of relief to habeas petitioners. Id.

Prior to addressing petitioner's Rule 60(b)(6) motion, the court must first determine whether the instant motion is, in essence, a second or successive section 2254 petition. A second or successive section 2254 petition must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals containing: (1) newly discovered evidence

5

that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In the instant matter, petitioner asserts his Rule 60(b)(6) motion attacks the integrity of his federal habeas corpus proceeding, not his underlying conviction. (Doc. 38, Pet'r's Rule 60(b)(6) Mot. at 5). Petitioner's motion, however, requests the court address several previously raised claims pertaining to his state court conviction including, *inter alia*, petitioner's: (1) ineffective assistance of trial counsel claim concerning trial counsel's failure to more vigorously question witnesses about the alleged deals they had with the prosecution; and (2) ineffective assistance of trial counsel claim pertaining to trial counsel purportedly conceding petitioner's guilt in counsel's closing argument. (Id. at 9, 18). In short, petitioner's motion seeks vindication of previously filed claims, and therefore, is actually a successive habeas petition, which may not be filed absent the approval of the Court of Appeals. Gonzalez, 545 U.S. at 530-31. Thus, we will deny petitioner's Rule 60(b)(6) motion.

Moreover, even if we had jurisdiction to review this motion's merits, the motion would still fail. Petitioner's motion seeks to have the court address the merits of his section 2254 petition, which the Third Circuit Court of Appeals has, on two separate instances, determined lack merit.

On February 1, 2016, the Third Circuit Court of Appeals declined to issue a certificate of appealability and noted that:

> Jurists of reason . . . would not debate that Appellant has not validly stated a claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). First, free-standing claims of ineffectiveness of state post-conviction counsel or errors in state post-conviction proceedings are not cognizable in federal habeas proceedings. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004). Second, with regard to his properly exhausted cognizable arguments, Appellant did not state valid claims of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). . . . Finally, Appellant has not stated a claim sufficient to demonstrate a "fundamental miscarriage of justice." See Schlup v. Delo, 513 U.S. 298, 315 (1995).

(Doc. 27, 3d Cir. Order dated 1/28/16).

On June 22, 2016, the Third Circuit, for a second time, declined to issue a certificate of appealability, stating that the petitioner:

> has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). First, Appellant did not make a substantial showing of ineffective assistance of counsel as to his claims that (1) counsel should have examined witnesses more vigorously about

the alleged deals they had with the prosecution and (2) counsel purportedly conceded his guilt in counsel's closing argument.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Grant v. Lockett, 709 F.3d 224, 234-35 (3d Cir. 2013).  Second, even if jurists of reason might debate whether Appellant's ineffective assistance of counsel claim regarding a blood spatter witness is procedurally defaulted, he has not made a substantial showing of the denial of ineffective assistance of counsel as to this claim.  See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991).  Finally, Appellant cannot assert ineffectiveness of state post-conviction counsel or errors in state post-conviction proceedings in federal habeas proceedings.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) (Doc. 37, 3d Cir. Order dated 6/9/16).  Thus, petitioner has failed to validly state a claim for the denial of a constitutional right.

**Conclusion**

For the above-stated reasons, the court will deny petitioner's Rule 60(b)(6) motion.  An appropriate order follows.

Date:   03/08/2017                                    s/ James M. Munley
                                                          **JUDGE JAMES M. MUNLEY**
                                                          **United States District Court**